JOSÉ DAVID RAMOS CRESPO y OTROS, demandantes y peticionarios, *v.* DR. ARNALDO GERENA y OTROS, demandados y recurridos.

*Número:* CC-97-470        *Resuelto:* 11 de marzo de 1998

## RESOLUCIÓN

A la petición de *certiorari* presentada en este caso, *no ha lugar.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rebollo López concurrió con el resultado mediante opinión escrita. El Juez Asociado Señor Fuster Berlingeri expediría para aumentar la cuantía concedida al reclamante a diez mil dólares ($10,000). La Juez Asociada Señora Naveira de Rodón no intervino.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

El Tribunal tiene, entre otras, la importante e indelegable función de establecer normas o pautas que ilustren no sólo al tribunal apelativo intermedio y al de primera instancia, sino a la profesión jurídica en general. Esa función tiene que ser descargada por los integrantes del más alto Foro judicial del País en forma responsable.

Ello, naturalmente, hace posible que en casos futuros, de la misma índole o naturaleza, tanto los abogados como los Jueces estén en mejor posición para evaluar y decidir los mismos. Somos del criterio que el presente caso es uno en que resulta conveniente que nos expresemos por separado.

# I

Como consecuencia de un accidente automovilístico en que se viera envuelto el día 17 de marzo de 1990 el aquí peticionario José Ramos Crespo, su esposa y sus progenitores, radicaron una demanda ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, contra el facultativo médico que originalmente le atendió, por alegada negligencia en el diagnóstico y en el tratamiento que éste le brindó, y contra el patrono de dicho médico, el Estado Libre Asociado de Puerto Rico.

Celebrado el juicio, la prueba demostró que Ramos Crespo, mientras conducía su automóvil a velocidad exagerada y sin llevar puesto el cinturón de seguridad, se quedó dormido y se "estrelló" contra una verja de concreto de una residencia. Ramos Crespo fue trasladado, e ingresado, en el Hospital Sub-Regional de Aguadilla bajo la supervisión del codemandado, Dr. Arnaldo Gerena. Este "dio de alta" a Ramos Crespo al otro día; ello a pesar de que el paciente se quejaba de fuertes dolores en el cuello y la cabeza.

Ramos Crespo, posteriormente, fue atendido por el ortopeda Fidel A. Pino, quien luego de tomarle unas radiografías, diagnosticó fracturas de varias vértebras cervicales. Ello no obstante, la prueba demostró que Ramos Crespo no sufre de incapacidad permanente y que la única consecuencia que tuvo la demora en el diagnóstico correcto, debido a la omisión del doctor Gerena, *lo fue la prolongación del período de recuperación y las consabidas molestias y dolores debido a la misma.*

El tribunal de instancia concluyó que tanto Ramos Crespo como el doctor Gerena habían incurrido en negligencia. Condenó a la parte demandada al pago de la suma de veinte mil dólares ($20,000) al aquí peticionario Ramos Crespo; la cantidad de siete mil dólares ($7,000) a la esposa de éste, y dos mil dólares ($2,000) a sus padres.

Inconforme, el codemandado doctor Gerena apeló ante el Tribunal de Circuito de Apelaciones. Dicho foro apelativo, no obstante sostener la determinación que sobre negligencia había hecho el foro de instancia respecto al doctor Gerena, redujo a cinco mil dólares ($5,000) la indemnización concedida a Ramos Crespo, a mil setescientos dólares ($1,700) la de la esposa de éste, y a quinientos dólares ($500) la de sus padres.

Ramos Crespo acudió ante este Tribunal en revisión de dicha sentencia, alegando que erró el Tribunal de Circuito de Apelaciones al intervenir con la cuantía de los daños que había concedido el tribunal de instancia. En el día de hoy, concurrimos con el dictamen mayoritario de proveer no ha lugar al recurso radicado. Consideramos conveniente, sin embargo, expresarnos por separado.

## II

En el presente caso, como correctamente señala el Tribunal de Circuito de Apelaciones, *no cabe hablar de negligencia concurrente*. Ello es así debido al hecho de que el accidente automovilístico en que se vio envuelto el demandante José D. Ramos Crespo —ocurrido como consecuencia de éste haberse quedado dormido mientras conducía su vehículo de motor a exceso de velocidad, lo cual causó que estrellara su automóvil contra una verja de concreto— se debió, *única y exclusivamente*, a la negligencia del propio Ramos Crespo.

Dicho en palabras sencillas, Ramos Crespo *no* tiene derecho a reclamar por el "daño" que él sufrió como consecuencia del referido accidente —esto es, la fractura de varias vértebras cervicales— debido al simple hecho de que él es responsable, *en un cien (100) por ciento*, del accidente en que se vio envuelto.

*Ahora bien*, tampoco debe haber duda de que el codemandado Dr. Arnaldo Gerena incurrió en "mala práctica de

la medicina". Este no realizó, o llevó a cabo, el procedimiento que la "mejor práctica de la medicina" hace mandatorio en un caso como el presente; esto es, el doctor Gerena debió haber ordenado que se le tomaran unas radiografías a Ramos Crespo, lo cual hubiera demostrado la fractura de las cervicales. Esa negligencia en la que incurrió el doctor Gerena —*por la cual Ramos Crespo no tiene responsabilidad alguna*— causó un "daño", *cual fue la prolongación del período de recuperación.* En relación con ese "daño", el doctor Gerena es cien (100) por ciento responsable; esto es, él responde *únicamente* por los sufrimientos y molestias, *adicionales*, que sufrió Ramos Crespo como consecuencia de haberse prolongado su recuperación.

En resumen, se *yerra* al hablar de negligencia concurrente en el presente caso. Ello debido al hecho de que se trata de dos (2) actos o eventos totalmente separados e independientes el uno del otro. Véase *Torres v. A.M.A.*, 91 D.P.R. 714 (1965). Como es sabido, para que exista negligencia concurrente, la conducta negligente de quienes así han actuado tiene que estar relacionada con el acto dañoso específico a que se contrae la controversia. H. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, San Juan, Pubs. J.T.S., 1986, Vol. I, pág. 417.

### III

En relación con la valorización del "daño" sufrido por Ramos Crespo, estamos conscientes de que la gestión judicial de estimación y valoración de daños es una difícil, por no decir angustiosa. *Urrutia v. A.A.A.*, 103 D.P.R. 643, 647 (1975). Además, constituye norma trillada que este Tribunal no intervendrá con la concesión de daños que se haga a nivel de instancia a menos que la cuantía concedida sea una ridículamente baja o una exageradamente alta. *Valldejuli Rodríguez v. A.A.A.*, 99 D.P.R. 917 (1971).

En el presente caso, el tribunal de instancia concedió al

codemandante José Ramos Crespo la suma de veinte mil dólares ($20,000) por concepto de los daños por él sufridos debido a la negligencia en que incurriera el codemandado, Dr. Arnaldo Gerena. El Tribunal de Circuito de Apelaciones, en una elaborada sentencia, redujo dicha suma de dinero a la cantidad de cinco mil dólares ($5,000) explicando las razones para así actuar.

Dados los hechos particulares del presente caso, nos parece más correcta, *y sensata*, la valoración hecha por el Tribunal de Circuito de Apelaciones.