DAVID RENÉ BIVER, demandante y recurrido, *v.* COOPERATIVA FEDERAL DE EMPLEADOS TELEFÓNICOS, demandada y peticionaria.

*Número:* CC-97-714          *Resuelto:* 27 de marzo de 1998

*Roy R. Sánchez-Vahamonde Dieppa*, abogado de la peticionaria; *Miguel A. Velázquez Rivera*, abogado del recurrido.

PER CURIAM

(Regla 50)

El recurrido, David René Biver, trabajó como empleado de la Cooperativa Federal de Empleados Telefónicos (en adelante la Cooperativa) y se desempeñó como cajero en el área de servicio al cliente. El 27 de diciembre de 1993, luego de transcurrir el período probatorio, fue contratado como empleado permanente. El 4 de abril de 1994 fue despedido sumariamente, mediante una carta suscrita por el Administrador de la Cooperativa. *En dicha carta no se expuso razón alguna para el despido.* No se le formularon cargos.

En mayo de 1994 René Biver presentó una demanda ante el Tribunal de Primera Instancia, Sala Superior de San Juan, en la cual alegó, en síntesis, que no se le formularon cargos, no se le notificó la razón para su despido ni se le concedió oportunidad alguna para defenderse de los supuestos cargos en su contra. Fundamentó sus alegaciones en el Reglamento de Disciplina de la Cooperativa Federal de Empleados Telefónicos de 19 de mayo de 1992. Dicho reglamento dispone, *inter alia*, un procedimiento que habrá de seguirse para imponer sanciones disciplinarias a los empleados. El demandante solicitó como remedio que se le repusiera en el empleo y se le pagaran los salarios dejados de percibir desde la fecha de su despido hasta tanto se le brindara la oportunidad de defenderse de los cargos en su contra, si alguno, más una cantidad en concepto de daños y perjuicios.

Después de haber sido emplazada, la Cooperativa presentó una moción de sentencia sumaria para solicitar la desestimación de la demanda. Adujo que el demandante había sido compensado en conformidad con las disposiciones de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185a *et seq.*, y que el remedio provisto por esta ley era el único al que tenía derecho el demandante. Éste se opuso a dicha moción.

Se celebró una vista en la cual las partes argumentaron sus respectivas posiciones y, luego de haber sido presentados los escritos suplementarios, el tribunal de instancia dictó una primera resolución el 7 de julio de 1995, en la cual declaró no ha lugar la moción de sentencia sumaria.

No obstante, presentada una moción de reconsideración por parte de la Cooperativa, el tribunal emitió una sentencia sumaria el 10 de enero de 1996, mediante la cual declaró sin lugar la demanda.

El demandante, entonces, presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones y éste, a su vez, revocó la sentencia sumaria del foro de instancia. En

esencia, concluyó el foro apelativo que, en el caso de autos, el patrono estaba obligado a seguir el procedimiento que él mismo había establecido en su reglamento de disciplina y que no tenía discreción para despedir a un empleado suyo sin observar el trámite procesal establecido en dicho reglamento.

Inconforme con tal dictamen, la Cooperativa acudió a nos y planteó el señalamiento de error siguiente:

> Erró el Honorable Tribunal de Circuito de Apelaciones al resolver que el Honorable Tribunal de Instancia se equivocó al desestimar sumariamente la demanda presentada por el Apelante–Recurrido.

El 12 de diciembre de 1997 el recurrido presentó ante nos un escrito en oposición a la petición de *certiorari* de la Cooperativa. Pasamos, pues, a resolver al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

## I

En síntesis, la Cooperativa sostiene que podía despedir al recurrido sin seguir el procedimiento dispuesto en su reglamento de disciplina y que el único remedio al que tiene derecho el empleado es la indemnización que establece la Ley Núm. 80, *supra.* Tiene razón. Veamos.

Debe notarse inicialmente que es cuestionable la premisa de la cual parte el recurrido, de que el reglamento de disciplina de la Cooperativa limita su discreción para despedir empleados. En el reglamento aludido expresamente se señala que las normas que éste contiene sólo son *"una guía* en la administración de la disciplina en el trabajo"; que "es derecho de la Junta de Directores y el Administrador ... dirigir y orientar a sus empleados en la labor que desempeñan, ascenderlos, degradarlos, *despedirlos,* disciplinarlos por justa causa y mantener la conducta del personal en su más alto nivel"; que la Cooperativa *"se reserva el derecho de aplicar penalidades por violaciones y ofensas*

*no especificadas en este reglamento"*, y que se reserva también "el derecho de modificar, enmendar, *alterar y sustituir* este reglamento cuando lo crea necesario". (Énfasis suplido.) A la luz de estas disposiciones del reglamento, el dictamen del foro apelativo es cuando menos controvertible, en cuanto a que el patrono mediante dicho reglamento había autolimitado "su ordinaria libertad procesal para despedir a sus empleados, que tenía antes de aprobar el reglamento". No surge claramente del reglamento que, por medio de éste, el patrono haya renunciado como tal a sus prerrogativas.

Más importante aún, asumiendo que el reglamento tiene el alcance que le imputa el recurrido, el incumplimiento por el patrono de su propio reglamento interno al momento de despedir a un empleado, de ordinario, sólo tiene la consecuencia de convertir tal despido en injustificado. Así lo establecimos claramente en *Santiago v. Kodak Caribbean, Ltd.*, 129 D.P.R. 763 (1992). Expresamente reconocimos en esta opinión que cuando un patrono establece las reglas y los reglamentos del trabajo en un manual de la empresa, un despido en violación de tales reglas y reglamentos resultaría ser un despido injustificado. Citando a Delgado Zayas, configuramos allí tal situación como una de las excepciones a la norma general de que en Puerto Rico " 'no hay ley alguna que le exija al patrono, que al despedir al empleado lo haga en una forma determinada, ni por escrito ni con aviso previo' ". Íd., pág. 775, citando a R.N. Delgado Zayas, *Apuntes para el estudio de la legislación protectora del trabajo en el derecho laboral puertorriqueño*, San Juan, Ramallo Bros. Printing, 1989, pág. 123. Resolvimos, finalmente, en *Santiago v. Kodak Caribbean, Ltd.*, supra, que la persona que es despedida de manera incompatible con los privilegios que provee un manual de empleados del patrono, sólo tiene derecho a la indemnización que provee la citada Ley Núm. 80.

En el caso de autos, el patrono le pagó al recurrido la

mesada que provee la Ley Núm. 80 aludida. Partiendo del supuesto de que su despido se hizo en contravención de las propias normas internas de la empresa, la mesada que se le pagó era el remedio exclusivo al cual tenía derecho. *Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35 (1986); *Rivera v. Security Nat. Life Ins. Co.*, 106 D.P.R. 517 (1977). Erró el foro apelativo al resolver que el remedio de la Ley Núm. 80, *supra*, no era suficiente y que la Cooperativa no podía despedir al recurrido sin seguir lo dispuesto en el reglamento en cuestión.

Por los fundamentos expuestos, *se expedirá el auto solicitado y se dictará sentencia para revocar la del foro apelativo y reinstalar la del foro de instancia.*

El Juez Asociado Señor Negrón García disintió sin opinión escrita. El Juez Asociado Señor Rebollo López disintió con opinión escrita.

— O —

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

En la opinión concurrente que emitiéramos en *Ramos v. Gerena*, 145 D.P.R. 48 (1998), expresamos, en lo pertinente, que:

> El Tribunal tiene, entre otras, la importante e indelegable función de establecer normas o pautas que ilustren no sólo al tribunal apelativo intermedio y al de primera instancia, sino a la profesión jurídica en general. *Esa función tiene que ser descargada por los integrantes del más alto Foro judicial del País en forma responsable.* (Énfasis suplido.)

Cuando así *no* se actúa por este Tribunal, esto es, cuando se emiten "opiniones" de manera improvisada, sin que se haga un análisis completo de la jurisprudencia aplicable y de las consecuencias que tendrá la ponencia emitida, *se causa un grave perjuicio a nuestro ordenamiento*

*jurídico y una gran confusión en la profesión legal.* Esa, precisamente, es la situación de la opinión *per curiam* emitida en el presente caso, la cual versa sobre un tema que, desafortunadamente, ha sido tratado de manera muy superficial por este Tribunal.

## I

En nuestra jurisdicción existe legislación que establece situaciones particulares bajo las cuales un empleado no puede ser despedido.([1]) Si el empleado no se encuentra en

---

([1]) En específico, las situaciones bajo las cuales se prohíbe el despido del trabajador son las siguientes:

"1) Por razón de edad, sexo, color, raza, origen o condición social, ideas políticas, ideas religiosas, origen nacional, por razón de matrimonio y por impedimento, según la Ley 100 de 30 de junio de 1959, Ley Federal de Derechos Civiles, 'Age Discrimination in Employment Act' del 15 de diciembre de 1967, Ley 69 del 6 de julio de 1985, Ley de Americanos con Impedimentos y la ley que proh[í]be el hostigamiento sexual en el empleo, Ley 17 de 22 de abril de 1988.

"2) Por participar en actividades unionales, según lo establece la Ley 130 de 8 de marzo de 1945, y la 'National Labor Relations Act', según enmendada.

"3) Por instar una reclamación contra el patrono o cooperar en investigación al amparo de cualquier ley laboral, o participar en un comité de salario mínimo, según se establece en la Ley 96 de 26 de junio de 1956, según enmendada.

"4) De la mujer embarazada según la Ley 3 de 13 de marzo de 1942, enmendada.

"5) Por negarse a levantar objetos que exceden del peso máximo dispuesto por ley o reglamento del Secretario del Trabajo y Recursos Humanos, a tenor con la Ley 49 de 22 de mayo de 1969, enmendada.

"6) Mientras se presta[n] servicios como jurado, según la Ley 87 de 26 de junio de 1964.

"7) Mientras se presta servicio militar, según el 'Uniformed Employment and Reemployment Rights Act' y la Carta de Derechos del Veterano Puertorriqueño.

"8) Por radicar querella contra [el] patrono al amparo de la Ley de Seguridad y Salud en el Trabajo, según la Ley 16 de 5 de agosto de 1975.

"9) Mientras se está sometiendo a exámenes médicos por riesgo para su salud en el trabajo, según la antes citada Ley 16.

"10) Mientras esté inhabilitado para trabajar y acogido a los beneficios del Programa de Seguro por Incapacidad No Ocupacional Temporera de acuerdo a lo establecido en la Ley 139 de 26 de junio de 1968, enmendada, y sujeto a los requisitos allí establecidos.

"11) Mientras esté inhabilitado para trabajar y acogido a los beneficios de la Ley de Compensaciones por Accidentes del Trabajo según lo establecido en la Ley 45 de 18 de abril de 1935 y sujeto a los requisitos allí establecidos.

"12) Por haber sido objeto de un embargo de parte de su salario por una sola deuda según prohibición establecida en la Ley Federal de Embargo de Salarios, 15

ninguna de las situaciones en que específicamente se prohíbe su despido, éste puede ser despedido sin justa causa; siendo la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a *et seq.*) la que, al reglamentar el despido injustificado, provee el *único remedio* a que es acreedor dicho empleado.([2]) Véanse: *Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35, 65 (1986); *Porto y Siurano v. Bentley P.R., Inc.*, 132 D.P.R. 331 (1992); *Vélez Rodríguez v. Pueblo Int'l, Inc.*, 135 D.P.R. 500 (1994).

---

U.S.C. 1673 *et seq.*, y para el pago de pensiones alimenticias, según la Ley 5 de 30 de diciembre de 1986.

"13) Por negarse a que se fraccione o altere su horario de trabajo, o por reclamar cualquier derecho según se dispone en la Ley de Cierre, Núm. 1 de 1ro de diciembre de 1989.

"14) Por la colaboración o expresiones que haga un empleado en una investigación ante cualquier foro administrativo, judicial o legislativo en Puerto Rico, según establece la Ley 115 de 20 de diciembre de 1991.

"15) El despido que se hace con el propósito o tiene el efecto de frustrar o subvertir una clara política pública como ocurriría en el caso de la obligación de someterse a la prueba del polígrafo, según resuelto en *Ariel Arroyo v. Rattan Specialties*, 1986, 117 DPR 35.

"16) Mientras esté inhabilitado para trabajar y acogido a los beneficios de la Ley 138 de 26 de junio de 1968.

"17) Mientras esté en licencia deportiva especial en virtud de la Ley 49 de 27 de junio de 1987.

"18) Por acogerse a la Ley Federal de Quiebras, 11 USCA 525b.

"19) Mientras esté inhabilitado para trabajar y acogido a los beneficios de la ley de Seguro Social Choferil.

"20) Mientras esté o por estar en licencia médico familiar según ley federal de 1993.

"21) Por negarse a aceptar un acuerdo de horario flexible, según Ley 83 de 20 de julio de 1995." R.N. Delgado Zayas, *Apuntes para el estudio de la legislación protectora del trabajo en el derecho laboral puertorriqueño*, 2da ed., San Juan, Puerto Rico, Ramallo Bros. Printing, 1996, págs. 112–114.

([2]) La disposición de la Ley Núm. 80 que establece el remedio exclusivo a que tiene derecho un empleado que es despedido injustificadamente, 29 L.P.R.A. sec. 185a *et seq.*, en lo pertinente, dispone lo siguiente:

"Todo empleado de comercio, industria o cualquier otro negocio o sitio de empleo, designado en lo sucesivo como el establecimiento, donde trabaja mediante remuneración de alguna clase contratado sin tiempo determinado, que fuere despedido de su cargo sin que haya mediado justa causa, tendrá derecho a recibir de su patrono en adición al sueldo que hubiere devengado:

"(a) El sueldo correspondiente a un mes por concepto de indemnización; si el despido ocurre dentro de los primeros cinco (5) años de servicio; el sueldo correspondiente a dos (2) meses si el despido ocurre luego de los cinco (5) años hasta los quince (15) años de servicio; el sueldo correspondiente a tres (3) meses si el despido ocurre luego de los quince (15) años de servicio;

"(b) una indemnización progresiva adicional equivalente a una semana por cada año de servicio."

En el caso que ocupa nuestra atención, la Mayoría de los integrantes del Tribunal —*haciendo abstracción de los hechos particulares del caso*— erróneamente resuelve que la Cooperativa podía despedir al empleado recurrido "sin seguir el procedimiento dispuesto en su reglamento de disciplina y que el único remedio al que tiene derecho el empleado es la indemnización que establece la [citada] Ley Núm. 80 ...". *Per curiam*, pág. 167. *No estamos de acuerdo.* Veamos por qué.

En lo pertinente a los hechos de este caso, el Reglamento de Disciplina de la Cooperativa Federal de Empleados Telefónicos de 19 de mayo de 1992 establece:

> 1) Los propósitos fundamentales de estas normas de Disciplina son proveer una guía en la administración de la disciplina en el trabajo; *asegurar uniformidad en la aplicación de remedios o penalidades por igual ofensa; desarrollar en el empleado un mejor entendimiento de lo que constituye causa razonable para tomar acción disciplinaria*; corregir al empleado y mantener la disciplina y la moral del grupo de empleados en la organización.

> 4) *Aquel empleado que cometa una ofensa deberá ser confrontado con la evidencia disponible y se le dará la oportunidad para que se defienda de los cargos presentados.*

> 7) La penalidad o remedio que se decida aplicar debe ser la que razonablemente se espera corrija al empleado y mantenga la disciplina y la moral del grupo.

> 9) ... *Las amonestaciones por escrito deben indicar específicamente la ofensa y el período de prueba correspondiente.*
> 10) Toda amonestación que conlleve la imposición de sanciones disciplinarias será por escrito, y debe contener los siguientes elementos: nombre completo y número del empleado, fecha[,] hora y lugar de la ofensa, nombre del supervisor inmediato y del jefe del supervisor inmediato, cuál es la regla que se viola, en qué consiste la violación y las circunstancias del caso. El original del memo o carta en cuestión debe ser entregado al empleado, y deben enviarse copias para el expediente de personal y la Junta de Directores. (Énfasis suplido.)

Como resulta obvio de una mera lectura de lo antes re-

señado, el reglamento en controversia establece no sólo las faltas o actos específicos, con sus respectivas penalidades, por las cuales el patrono puede disciplinar a un empleado, sino que claramente le concede el derecho a cualquier empleado que cometa una ofensa a "ser confrontado con la evidencia disponible y [a dársele] la oportunidad para que se defienda de los cargos presentados". Esto es, se establece un procedimiento de formulación de cargos, con el derecho a confrontarse en una vista con los testigos, o evidencia, en su contra, y a defenderse, lo cual conlleva el derecho a presentar prueba a su favor.

*¿Qué significa lo anteriormente expresado?* Llana y sencillamente, hecho que sorprendentemente se le "escapa" a la Mayoría, que el patrono, al adoptar este reglamento, *renunció* al "derecho" que tenía de despedir, sin justa causa, a sus empleados.

La Mayoría *no* se percata del simple y sencillo hecho de que el establecimiento de un procedimiento disciplinario —de formulación y notificación de cargos y la celebración de una vista en la cual el empleado no sólo tiene el derecho a confrontar la prueba en su contra sino que a presentar prueba a su favor— *parte de la premisa incuestionable que el patrono tiene que imputar, de manera afirmativa, la comisión u omisión de un acto por parte del empleado*. En otras palabras, el patrono *no* puede despedir al empleado sencillamente por un capricho y limitarse a pagarle la mesada correspondiente bajo la citada Ley Núm. 80.

Dicho de otra manera, *con el propósito de que todo el mundo lo pueda entender*, el establecimiento de un procedimiento disciplinario *conlleva* la *no* aplicación de la Ley Núm. 80, ante. Ello debido a que el patrono, que ha establecido un procedimiento disciplinario —el cual viene en la obligación de seguir— y que no cumple con el mismo, o no lo sigue, *realmente incurre en una violación del contrato de empleo y no en un despido injustificado*. Debe recordarse que hemos resuelto que el manual de empleo, que contiene

las reglas relativas al trabajo del empleado y sus derechos y obligaciones, *forma parte del contrato de trabajo del empleado*. Véase *Selosse v. Fund. Educ. Ana G. Méndez*, 122 D.P.R. 534, 548–549 (1988).

En *Selosse v. Fund. Educ. Ana G. Méndez*, ante, el reglamento de la institución proveía los pasos que los miembros de la facultad debían seguir para lograr la concesión de la permanencia. Este Tribunal señaló, en esa ocasión, que los estatutos y reglamentos referentes a los derechos y obligaciones de los miembros de la facultad *eran parte del contrato de empleo existente entre la demandada y la demandante y que, por lo tanto, era aplicable el Art. 1044 del Código Civil de Puerto Rico*, 31 L.P.R.A. sec. 2994, el cual dispone que "[l]as obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes, y deben cumplirse al tenor de los mismos". Además, este Tribunal determinó en dicho caso que el patrono, al rechazar la permanencia de la demandante, *no* cumplió estrictamente con varias de las obligaciones contraídas por él mediante el reglamento —relacionadas éstas con el procedimiento de evaluación para la eventual concesión de la permanencia— *y que, por ende, violó el espíritu que inspira todo procedimiento contractual*. Se resolvió que *procedía una nueva evaluación que cumpliera con los procedimientos establecidos en el reglamento*. Se le concedieron, *además*, a la demandante *todos los emolumentos dejados de recibir, indemnización por angustias mentales, intereses y honorarios de abogado*.

Esa es la solución que, *precisamente*, procede decretar en el caso de autos. Debido a que la Cooperativa incurrió en una *clara violación* de su reglamento disciplinario y, *por ende*, violó el contrato de trabajo existente entre ella y su empleado, procede la reposición de éste a su empleo, el pago de los sueldos dejados de percibir, indemnización por angustias mentales y la fijación de honorarios de abogado.

Si es que la Cooperativa Federal de Empleados Telefónicos interesa despedir al recurrido David René Biver, ésta viene en la obligación de cumplir con el reglamento que adoptó y promulgó voluntariamente.

Es por ello que disentimos.