BALDOMERO RIVERA SOTO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; AMÉRICO RODRÍGUEZ SANTIAGO, obrero lesionado.

Núm. 370.—*Sometido:* Junio 6, 1947. *Resuelto:* Julio 9, 1947.

562

*Edelmiro Soldevila,* abogado del recurrente; *F. Fernández Vargas,* abogado del obrero lesionado.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

El 28 de febrero de 1946 el obrero lesionado radicó en la Comisión Industrial una petición de compensación por un accidente del trabajo que alegó haber sufrido el 15 de mayo de 1943, mientras trabajaba como mayordomo para el patrono no asegurado Baldomero Rivera Soto. Consistió el accidente en que mientras daba una vuelta a la finca para atender unas reses que se habían escapado del cercado, pisó un alambre cubierto por la yerba y se hincó el dedo grande del pie derecho, como consecuencia de lo cual le sobrevino gangrena en la pierna derecha y hubo que amputársela. Explicó la tardanza en presentar su reclamación diciendo que el patrono le había ofrecido darle cuatro o cinco cuerdas de tierra y $200 ó $300 y que le pagaría los gastos de la clínica. Pero, en vista de que el patrono no cumplía sus promesas, decidió presentar su reclamación.

La teoría del patrono es al efecto de que él no empleaba obreros, pues solamente trabajaban en sus finca sus hijos, a quienes remuneraba con $3 semanales cada uno; que el obrero

trabajaba por su propia cuenta, haciendo carbón con la madera que le suministraba el recurrente y recibía una parte alícuota del carbón que producía.

La Comisión Industrial, después de oír una extensa prueba de una y otra parte, llegó a las siguientes conclusiones sostenidas por la evidencia, a saber:

(*a*) Que el obrero lesionado sufrió un accidente del trabajo en la fecha por él alegada y mientras trabajaba para el recurrente, patrono no asegurado, y como consecuencia de ese accidente sufrió la pérdida de la pierna derecha.

(*b*) Que el patrono empleaba más de cuatro obreros.

Basándose en estas conclusiones de hecho, la Comisión, el 8 de octubre de 1946, dictó resolución ordenando al Administrador del Fondo del Seguro del Estado, que procediese a liquidar el caso y a cobrar al patrono el montante que arrojare la liquidación en la forma que determina la ley. Resolvió, además, conceder al abogado, en pago de sus honorarios, el 15 por ciento de la compensación que correspondiere al obrero, cuya suma debería descontarse por el Administrador de la cantidad a pagarse.

Fundamentando este recurso, el recurrente arguye que el derecho que a recibir compensación hubiera podido tener el obrero, había prescrito en la fecha en que radicó su petición.

Como muy acertadamente sostiene el abogado del obrero, el derecho a compensación por un accidente del trabajo no está comprendido en la acción de daños y perjuicios por culpa o negligencia descrita en el artículo 1802 del Código Civil (ed. 1930). Precisamente, la Ley de Compensaciones por Accidentes del Trabajo no requiere que el patrono haya incurrido en culpa o negligencia para que el obrero tenga derecho a compensación. No es, pues, de aplicación el artículo 1868 del Código Civil que fija en un año el plazo de prescripción para establecer una acción de daños y perjuicios por culpa o negligencia. Como la ley no fija término para radicar la petición en casos de reclamaciones contra patro-

nos no asegurados, es de aplicación el artículo 1864 del Código Civil, dispositivo de que las acciones personales que no tengan fijado término especial para su ejercicio, prescriben a los quince años.

Parece que el recurrente no considera como obreros, a los efectos de la Ley de Compensaciones por Accidentes del Trabajo, a los hijos del patrono que trabajaban para él mediante una compensación. De ahí concluye que erró la Comisión Industrial al resolver que el recurrente venía obligado a asegurarse.

La referida ley no excluye de sus beneficios a los hijos de un patrono.(1) Por consiguiente, si empleaba cuatro(2) o más obreros en la fecha en que ocurrió el accidente, ya fueren todos o alguno de ellos hijos del patrono, éste venía obligado a asegurarse.

Por último, si bien la prueba es contradictoria, la del obrero tiende a sostener la conclusión de que con motivo de la lesión que recibiera al herirse el dedo, le sobrevino gangrena, habiéndosele amputado el dedo, y poco tiempo después la pierna. Estando sostenida dicha conclusión por la prueba presentada, no podemos intervenir con la decisión de la cuestión de hecho.

*Procede la confirmación de la resolución recurrida.*

---

(1)Véase el artículo 2 de la Ley de Compensaciones por Accidentes del Trabajo.

(2)La Ley núm. 162 de 14 de mayo de 1943 (pág. 525) redujo a tres el número de obreros o empleados requeridos para que el patrono deba asegurarse.