*870 TEXTO COMPLETO DE LA SENTENCIA
El demandado-apelante, Franrila Corporation, nos insta a que revoquemos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante la cual ese foro desestimó su demanda de tercero presentada contra Guaynabo Home. Se basa en que erró al negarse a aplicar la jurisprudencia que reconoce la validez de una cláusula de relevo e indemnización y permite la presentación de una demanda de tercero demandado contra un patrono asegurado por lesiones y daños sufridos por un empleado de éste. Por los fundamentos que se discuten a continuación, se revoca la sentencia apelada.
Los hechos medulares no están en controversia. La demandante, Ida I. Padilla Morales, para la fecha de los hechos era empleada de Guaynabo Home Care quien tenía alquilada la segunda planta de la propiedad de Franrila. Presentó demanda de daños y perjuicios contra ésta. Alegó lo siguiente: Franrila era la propietaria y encargada de brindarle mantenimiento a una edificación localizada en Guaynabo, Puerto Rico; El segundo piso de dicho edificio estaba arrendado y era usado por Guaynabo Home, con quien trabajaba como enfermera graduada; El 2 de julio de 1998 a eso de las 5:00 de la tarde se disponía a salir de su trabajo. Al abrir la puerta del local sufrió una caída cuando se le encajó el taco de su zapato en una apertura en el escalón superior de la escalera; Se cayó al piso haciendo contacto con sus rodillas y mano izquierda. Según ella, la caída se debió a la culpa y negligencia única y exclusiva de la codemandada Franrila al permitir la existencia de una condición peligrosa en su propiedad, no brindarle mantenimiento y corregir la misma y/o advertir de la peligrosidad a los usuarios de dicho lugar.
Como resultado, señaló que sufrió daños físicos, los cuales enumeró. Solicitó indemnización por la pérdida de ingresos, gastos médicos incurridos y que incurrirá, y por las angustias y sufrimientos mentales como consecuencia de los dolores y tratamiento médico a que se ha sometido luego de la caída. No formuló alegaciones contra Guaynabo Home o su aseguradora, toda vez que es su patrono y goza de inmunidad patronal. Su reclamación fue dirigida exclusivamente contra Franrila y su aseguradora.
El accidente que sufrió y por el cual reclama daños fue calificado como uno del trabajo y su patrono, al momento de los hechos, era patrono asegurado. Luego de ocurrido éste, la demandante obtuvo los beneficios que provee la Ley de Compensaciones por Accidentes del Trabajo.
Franrila contestó la demanda. Negó responsabilidad por los hechos relatados. Levantó como defensa que el accidente, de haber ocurrido, se debió en todo o parte a la negligencia de la demandante y/o de un tercero y/o a causa fortuita, fuerza mayor o accidente desgraciado, por lo que no respondía. Añadió que la demandante conocía las circunstancias del defecto a que atribuia el accidente por estar familiarizada con el área donde ocurrió, debiendo ejercer cuidado razonable. Expresó que no fue advertida o notificada de la situación.
Adicionalmente, presentó demanda de tercero contra Guaynabo Home Care Program, Inc. y Triple-S, Inc., aseguradora que había emitido una póliza de seguros a favor de la primera la cual cubría el accidente ocurrido a la demandante. Alegó que los hechos ocurrieron en un local de su propiedad arrendado a Guaynabo Home, patrono de la demandante. Sostuvo que en virtud del contrato de arrendamiento, las reparaciones al local arrendado serían por cuenta de Guaynabo Home que a su vez se obligaba a indemnizar a Franrila de cualquier reclamación, demanda, daño o acción de cualquier clase resultante de cualquier daño a persona o bienes ocurridos en la propiedad arrendada. Solicitó que, de determinarse que le responde a la demandante, se decretara que los terceros demandados, de forma solidaria, le respondieran directamente a la demandante o le indemnizaran por la sentencia que se le impusiese en virtud del contrato de arrendamiento otorgado.
Guaynabo Home contestó la demanda contra tercero. Negó todos los hechos por los que la demandada- *871 apelante trata de imponerle responsabilidad. Levantó la defensa de inmunidad patronal. Reclamó que la demandante sufrió una caída en su trabajo y no podía traerse indirectamente contra su patrono esa causa de acción.
Posteriormente, conjuntamente con Seguros Triple-S, solicitaron que se dictase sentencia sumaria parcial a su favor. Ambos incluyeron la defensa de inmunidad patronal. Expresaron que para la fecha de los hechos, Guaynabo Home era patrono asegurado con el Fondo del Seguro del Estado. Siendo la demandante su empleada en funciones de su empleo al momento de ocurrir el mismo, ésta sé reportó al Fondo del Seguro y recibió los beneficios que ofrece la ley. Afirmó que ante tales hechos, la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 21, le concedía inmunidad patronal, siempre que el accidente provenga de una lesión, enfermedad o muerte cubierta por la ley. Solicitó que se dictara sentencia sumaria parcial por ser el patrono de la demandante y tener inmunidad patronal frente a su reclamación.
Franrila se opuso. También solicitó se dictara sentencia sumaria a su favor. Argumentó que la cláusula de relevo e indemnización incluida en el contrato de arrendamiento impedía que el patrono invocara la inmunidad patronal. Añadió que si bien el patrono no le responde a la empleada demandante, bajo la responsabilidad ex-contractu sí responde por asumir una obligación contractual de relevo e indemnización. Requirió que se dictara sentencia sumaria parcial estimando que Guaynabo Home, si bien no le era responsable a la demandante, tenía una obligación contractual y venía obligada á resarcir e indemnizar de la totalidad de toda suma de dinero, si alguna, que tuviese que pagar a la demandante como consecuencia del accidente.
Posteriormente, la demandante enmendó su demanda. Incluyó como codemandada a Royal & Sun Alliance Insurance Co., Inc. como aseguradora de Franrila cuya póliza cubría los hechos y daños reclamados eft la demanda.
Así las cosas, el Tribunal de Primera Instancia dictó Sentencia Parcial Final. Resolvió las mociones de sentencia sumaria promovidas por las partes. Concluyó que bajo toda situación posible de hechos*' Guaynabo Home y su aseguradora debían excluirse del litigio. Llegó a esta conclusión al entender que si la caída se produjo en la propiedad objeto del arrendamiento, al patrono le asistía la defensa de inmunidad patronal. Decretó que aunque de ordinario no existe una causa de acción en daños y perjuicios contra el patrono por el accidente de trabajo sufrido por sus empleados, la demandante no tiene causa de acción contra éste, toda vez que goza de la inmunidad patronal que le otorga la ley.
Agregó que aun cuando los contratantes pueden pactar para incluir en sus contratos cláusulas de indemnización y relevo, en estos casos las mismas se interpretarán estrictamente contra aquél que descansa en ellas para librarse de responsabilidad. Decidió que la inmunidad estatutaria concedida a un patrono asegurado como consecuencia de un accidente del trabajo no puede disolverse a través del medio indirecto de la demanda de tercero contra dicho patrono. Ante tal razonamiento, concluyó que procedía se dictara sentencia sumaria parcial a favor de Guaynabo Home y su aseguradora.
Es de esta determinación que acude ante nos la demandada-apelante, Franrila. Imputa al Tribunal de Primera Instancia que erró al negarse a aplicar la jurisprudencia que reconoce la validez de una cláusula de relevo e indemnización y permite la presentación de una demanda de tercero contra un patrono asegurado. Aduce que el tribunal se basó en que el accidente ocurrió en los predios de Franrila que no eran objeto del arrendamiento, sin existir alegación ni declaración jurada alguna que apoyase la determinación de que el sitio del accidente no forma parte de la propiedad objeto de arrendamiento, además de que el contrato le impone a la arrendataria la obligación de. reparar cualquier desperfecto en la misma.
Aunque acepta que la obrera demandante carece de causa de acción para reclamarle daños a su patrono asegurado Guaynabo Home y que la inmunidad de ésta es extensiva a su compañía aseguradora, advierte, no *872 obstante, que la controversia es si Franrila puede reclamarle al patrono y su aseguradora lo que aquélla tuviese que pagar por razón del contrato de arrendamiento suscrito entre las partes. Considera que por el mismo Guaynabo Home se obligó a efectuar todas las reparaciones mayores o menores para que la propiedad siempre esté habitable o usable exonerando y relevando a Franrila de cualquier daño ocasionado a persona alguna por cualquier uso de la propiedad y que incluye la escalera de acceso.
Los terceros demandados-apelados, Guaynabo- Home y Triple-S, se oponen. Argumentan que actuó correctamente el tribunal sentenciador al determinar que no hay controversia real sustancial sobre hechos materiales que impidan concluir que la demanda contra Guaynabo Home Care y su compañía aseguradora debe desestimarse sumariamente. Agregan que Franrila interpretó erróneamente la sentencia del tribunal porque para dicho foro no fue un hecho material el lugar específico en el que ocurrió el accidente, ya que de una u otra forma Guaynabo Home no respondía. Arguyen que la doctrina de inmunidad patronal implica que la arrendataria no respondería si el accidente fue el resultado de su negligencia e inclusive la protección se extendería a la posibilidad de que el accidente hubiera ocurrido fuera de la propiedad arrendada, pero como resultado de la negligencia del patrono arrendatario. Insisten en que si se trata de un accidente del trabajo, la inmunidad patronal lo releva de responsabilidad.
Procede que bajo las circunstancias presentes nos expresemos sobre la procedencia de la demanda contra tercero en la que la arrendadora demandada le reclama al arrendatario, patrono asegurado, y su aseguradora a base del contrato de arrendamiento, lo que el primero tuviese que pagar a una empleada por razón de un accidente cubierto por la Ley de Compensaciones por Accidentes del Trabajo. Al hacer la evaluación correspondiente, tenemos presente que la reclamación surge a raíz de un accidente de trabajo y que la demandante es empleada del arrendatario Guaynabo Home, quien es patrono asegurado.
Cuando un empleado sufre lesiones, enfermedades, se inutiliza o pierde la vida como consecuencia de “cualquier acto o función inherente a su trabajo” y su patrono está asegurado de acuerdo con la ley, su derecho a obtener resarcimiento está limitado a la compensación dispuesta en la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sees. 2, 21. No importa el grado de negligencia patronal, el obrero carece de una causa de acción para reclamar a su patrono por los daños y perjuicios sufridos. Santiago Hodge v. Parke Davis Co., 126 D.P.R. 1, 8 (1990).
Si dicha lesión, enfermedad o muerte ocurre por causas atribuidas a un tercero, la ley no afecta la responsabilidad civil del causante del daño que es ajeno a la relación patrono-empleado. Tanto el obrero como el Fondo, en subrogación de los beneficios pagados al empleado, pueden reclamarle judicialmente al tercero. Santiago Hodge, supra, pág 9.
Mientras el empleado obtiene de forma rápida apoyo económico y el tratamiento médico cuando sufre una lesión durante el curso del empleo y como consecuencia de éste sin tener que probar que el mismo fue producto de negligencia del patrono, este último adquiere, de ordinario, inmunidad contra cualquier acción por daños que el obrero podría instar en su contra en relación con los incidentes o las circunstancias que originaron la lesión. Se trata de un esquema que establece una responsabilidad objetiva y social que pretende evitar que los obreros queden en una situación de desamparo al tener que demostrar judicialmente la negligencia del patrono para poder obtener algún tipo de indemnización. La inmunidad del patrono ante reclamaciones del empleado es de carácter absoluta y no existe otra causa de acción independientemente de la negligencia del patrono. Soc. de Gananciales v. Royal Bank de P.R., 145 D.P.R. 178, 194-195 (1998).
No obstante, existen excepciones a este esquema. La inmunidad patronal no se extiende a lesiones producidas intencionalmente por el patrono. La posible conducta ilegítima o delictiva no está inmune de una reclamación ordinaria de daños. Tal actuación no puede razonablemente ser considerada como una actuación vinculada al desempeño normal del empleo. Soc. de Gananciales, supra, pág 196.
*873 Para decidir si un patrono está cubierto por la inmunidad que confiere la ley sólo es necesario determinar si el obrero ha sufrido un accidente dentro del ámbito de la cubierta de la ley. Es decir, si el accidente se origina como resultado de realizar una función inherente al trabajo “o que ocurra o se agrave en el curso de éste”\ si existe un nexo o una relación causal entre la lesión del obrero y su trabajo. Soc. de Gananciales, supra, págs. 196-197.
De ordinario, bajo las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo, supra,. tampoco proceden en derecho demandas de tercero contra el patrono. Esta interpretación responde a que permitir tales reclamaciones “equivaldría a que se hiciera de manera indirecta lo que directamente el Legislador ha vedado que se haga. Sería traer a consideración la negligencia del patrono por la puerta trasera de una demanda de tercero, y hacerlo responsable en daños por tal negligencia ”, Cortijo Walker v. Fuentes Fluviales, 91 D.P.R. 574, 580-582 (1964).
Ahora bien, en esta jurisdicción existe libertad de contratación, siempre y cuando la voluntad de los contratantes no sea contraria a las leyes, la moral, ni al orden público. Art. 1207 del Código Civil, 31 L.P.R.A, see. 3372. Aunque los derechos son renunciables,. Art. 4 del Código Civil, 31 L.P.R.A. see. 4, la renuncia de éstos debe ser clara, terminante e inequívoca. Más aún cuando se trate de convenios, como en el caso de autos en que se exonera de responsabilidad a una parte por sus futuros actos negligentes. Chico v. Editorial Ponce, Inc., 101 D.P.R. 759, 778 (1973).
Una cláusula de relevo “permite a una parte ser resarcida y protegerse de cierto riesgo que lo coloca sobre la otra. Así se garantiza que será compensada por cualquier pérdida o negligencia. Al fijarse esa responsabilidad contractual, las partes anticipan el ámbito de sus obligaciones y planifican de acuerdo con ello. Si la intención es clara, los tribunales la aplicarán, a no ser que sean contrarias al interés publico. Torres Solís, et al. v. A.E.E. et als., 136 D.P.R. 302, 313-314 (1994).”
En el caso de autos tanto las partes como el foro de instancia entendieron y aceptaron que el accidente sufrido por la demandante es uno cubierto por la ley. Por lo tanto, ante la doctrina antes reseñada al patrono Guaynabo Home le asistía la inmunidad patronal como único remedio en cuanto a cualquier reclamación de su empleada contra éste por el accidente sufrido. Aunque el remedio provisto por la Ley de Compensaciones de Accidentes en el Trabajo es el único que la demandante tenía contra su patrono, la propia ley la autoriza a reclamarle a un tercero responsable de tal lesión. Ley de Compensaciones, Art. 31 (11 L.P.R.A. sec. 32); Cortijo Walker v. Fuentes Fluviales, pág. 578.
En vista de que Franrila señala que dicho patrono le responde en virtud del contrato de arrendamiento suscrito, el cual lo relevaba de responsabilidad, corresponde determinar, pues, cuál fue el verdadero alcance de la cláusula de relevo de responsabilidad y si Guaynabo Home renunció a la inmunidad patronal que provee la Ley de Compensaciones por Accidentes del Trabajo como único remedio contra el patrono al suscribir dicho contrato.
El contrato de arrendamiento que nos ocupa fue suscrito por Franrila y Guaynabo Home el primero (l.°) de mayo de 1989. Surge del mismo que la reparación de cualesquiera desperfecto que existiese en la propiedad sería por cuenta y cargo de Guaynabo Home. Cláusula 5 del contrato. La 9 y en la que descansa la apelante dispone lo siguiente:

“La Arrendadora no será responsable de daño alguno que sufra o pueda sufrir persona alguna en la Propiedad por cualquier causa, y la Arrendataria indemnificará a la Arrendadora, haciéndose a su vez responsable por cualquier multa, reclamación, demanda, daño o acción de cualquier clase o tipo resultante de cualquier daño a persona o bienes ocurrido en la Propiedad, ocasionado en todo o en parte por acto u omisión de la Arrendataria, sus miembros, sus empleados, sus causahábientes, sus sirvientes, sus agentes, 
*874
sus visitantes o persona alguna relacionada a ésta, o por cualquier uso u ocupación de la Propiedad, o por cualquier violación o incumplimiento de los términos contractuales por la Arrendataria. Tampoco responderá la Arrendadora por los daños de cualquier índole que puedan sufrir los familiares, amigos, o invitados de la Arrendataria en la Propiedad. ”

Enfasis suplido.
Igualmente, el acuerdo le imponía al patrono Guaynabo Home, además, realizar todas las reparaciones, mayores o menores que fuesen necesarias para que la propiedad siempre estuviese habitable o usable mientras durase el término del contrato. Cláusula 10.
De las mencionadas cláusulas se desprende la clara intención del arrendador Franrila de liberarse de cualquier incidente por el que pudiera ser responsable en caso de una reclamación, siempre y cuando el mismo fuera ocasionado en todo o en parte por acto u omisión de la Arrendataria, sus miembros, empleados, causahabientes, sirvientes, agentes, visitantes o persona alguna relacionada a ésta, así como por cualquier uso u ocupación de la Propiedad. Como se ve, la amplitud y generalidad de dichas cláusulas pueden aplicarse a cualquier situación previsible e inimaginable.
La demandada-apelante basa su reclamación en Vélez v. Halco Sales, Inc., 97 D.P.R. 438 (1969). En ese caso se trataba de una demanda en daños en la que el Fondo del Seguro del Estado, para beneficio del empleado perjudicado, radicó demanda contra Halco. Dicha demandada era la propietaria de un “winche”, el cual sufrió un desperfecto mecánico mientras era usado por el empleado. Como consecuencia del accidente, el empleado quedó incapacitado. Halco trajo como tercera demandada al patrono, arrendatario de la máquina. Le requirió que en caso de tener que responderle al empleado, éste le indemnizaría en virtud del contrato de arrendamiento de la máquina. El contrato disponía que el patrono “se obligó como arrendadora del equipo a mantenerlo en condiciones de seguridad en su funcionamiento; asumió toda la responsabilidad por razón de reclamaciones de cualquier persona, que surgieran de la manteniencia, uso y posesión de dicho equipo, y se comprometió a descargar a la demandada Halco de la responsabilidad que tuviera por razón de tales reclamaciones”. Id. pág. 444.
El patrono alegó entonces inmunidad patronal. El tribunal resolvió que las reclamaciones del empleado contra su patrono quedaban excluidas. Pero el patrono fue más allá. Conociendo el estado de la ley y la inmunidad que le protege convino, inter alia, en descargar a Halco o hacerse cargo de cualquier responsabilidad que ésta tuviese por los conceptos expresados. Halco siempre tendría que responder al empleado y al Fondo. Lo que sucede es que en virtud del contrato suscrito entre éste y el patrono, Halco podría interponer un pleito para resarcirse de Glenwall (el patrono) bajo los pactos contractuales convenidos, incluyendo una demanda contra tercero.
La cláusula de relevo en el caso citado era bien específica. El patrono asumió la responsabilidad. Se obligó como arrendadora del equipo a mantenerlo en condiciones de seguridad en su funcionamiento y asumió toda la responsabilidad por razón de reclamaciones de cualquier persona, que surgieran del mantenimiento, uso y posesión del mismo. El que nos ocupa es similar al de Vélez v. Halco Sales, supra. En éste, ¿fue la intención tan clara, terminante e inequívoca que no deja lugar a duda de la intención de Guaynabo Home de responderle a Franrila por cualquier reclamación resultado de daños a personas ocasionados por actos u omisiones de Guaynabo Home en la propiedad arrendada o por cualquier uso de ocupación de la propiedad? Resolvemos que sí.
Primeramente, Guaynabo Home se obligó a realizar en la propiedad arrendada todas las reparaciones mayores o menores, necesarias para que la propiedad estuviese habitable, así como a reparar cualquier desperfecto que existiese en la misma. Segundo, la cláusula de indemnización suscrita por las partes refleja una *875 intención clara. El propósito: que Guaynabo Home le respondiese a Franrila de manera absoluta no sólo por actos u omisiones de Guaynabo Home en la propiedad arrendada, sino ante cualquier uso u ocupación de dicha propiedad. Consiguientemente, la doctrina nos impone el mandato de observarla. No se trata de extender a la renuncia del patrono a su inmunidad frente a reclamaciones de su empleado. Estamos ante una obligación ex-contractu clara e inequívoca y distinta e independiente de la reclamación que pudiera tener la empleada demandante contra su patrono.
De conformidad, si en su día se determinase que Franrila le responde e indemnizara a la demandante por actuaciones imputables a Guaynabo Home a tenor del contrato de arrendamiento, deberá esta última rembolsar lo pagado por la primera. Bajo tales circunstancias nace entonces una causa de acción ex-contractu a favor de Franrila ajena y distinta a la inmunidad patronal.
De otra parte, es un hecho incontrovertido que el accidente ocurre en la escalera del edificio. Igualmente, que la responsabilidad de Guaynabo Home se limitaba al local arrendado. Empero, no está claro si el lugar donde ocurrió formaba parte o no de la propiedad arrendada. Contrario a lo resuelto por el Juez de Instancia, consideramos que esto sí es relevante. Si la caída ocurrió fuera del inmueble arrendado, aun cuando fuese dentro de la propiedad de Franrila, Guaynabo Home no asume responsabilidad ni le responde a ésta por tales hechos de acuerdo a los términos del contrato.
En cuanto a la aseguradora, se ha resuelto que no existiendo una causa de acción ejercitable contra su asegurado, no puede la primera responder por lo que en derecho es inexistente. Es decir, la póliza no se puede extender para cubrir una responsabilidad que no tiene el asegurado. Admor. F.S.E. v. Flores Hnos. Cement Prods., 107 D.P.R. 789, 794 (1978). No obstante, habiendo concluido que Franrila pueda tener una causa de acción contra Guaynabo Home en virtud del contrato de arrendamiento, dicha responsabilidad se extiende a la compañía de seguros Triple-S.
La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. HI, R. 36.2, dispone que una parte contra la cual se haya formulado demanda “podrá, en cualquier momento, presentar una moción basada o no en declaraciones juradas para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación
Cuando existe una disputa de hechos bona fide, no procede la sentencia sumaria. Cualquier duda sobre la existencia de controversia debe resolverse contra la parte que la solicita. Procede dictarse sentencia sumaria en casos claros, cuando el tribunal tenga ante la verdad sobre todos los hechos pertinentes. Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272, 279 (1990).
En el caso de autos, las partes limitaron la controversia y aceptaron como hechos probados las determinaciones del foro de instancia. No obstante lo anterior, no procedía se dictara sentencia sumaria. Aunque la cláusula de relevo de responsabilidad contenida en el contrato de arrendamiento tuvo el efecto de que Guaynabo Home asumiera responsabilidad absoluta por cualquier reclamación o daño ocasionado en todo o en parte por acto u omisión suya como arrendataria, así como de sus miembros, empleados, causahabientes, sirvientes, agentes, visitantes o persona alguna relacionada a ésta, o por cualquier uso u ocupación de la propiedad arrendada renunciando así a la defensa de inmunidad patronal frente a Franrila, determinar el lugar donde ocurrió el accidente y si integraba o no la propiedad arrendada, resulta indispensable para resolver las mociones presentadas por las partes y conceder el remedio completo que en derecho proceda limitado a esa controversia.
Por los fundamentos anteriormente discutidos, se revoca la sentencia apelada y se ordena la continuación de los procedimientos de forma compatible con lo aquí resuelto.
*876 Lo acuerda el Tribunal y certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2003 DTA 36
1. Demanda de 8 de junio de 1999, civil núm. DDP1999-0549(706), anejo 1, págs. 1-4.
2. Contestación a la Demanda de 13 dé marzo de 2000, anejo 2, págs. 5-7.
3. Demanda contra Terceros de 13 de marzo de 2000, anejo 3, págs. 8-9.
4. Contestación a demanda contra tercero sometida por la parte apelada en su Moción para Solicitar Desestimación por Falta de Jurisdicción.
5. Moción de Sentencia Sumaria Parcial para que se Desestime por Inmunidad Patronal la Causa de Acción de la Demandante frente a su Patrono de 27 de febrero de 2002, anejo 4, págs. 10-14.
6. Oposición a Moción de Sentencia Sumaria y Solicitud de Sentencia Sumaria Parcial de 30 de abril de 2002, anejo 5, págs. 15-19.
7. Demanda Enmendada, anejo 6, págs. 27-31.
8. Sentencia Sumaria Parcial, anejo 8 y 9, págs. 34-45.
9. Contrato de Arrendamiento, anejo 5, págs. 20-26.